UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID J. KRAL, | Civil No. 08-560 (DWF/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES MARSHAL SERVICE MINNEAPOLIS MINNESOTA, | |
| Respondent. | |

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2241.  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

On February 28, 2008, Petitioner filed a habeas corpus petition that presented claims pertaining to his incarceration by the federal Bureau of Prisons.  It was readily apparent to the Court, however, that Petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the <u>conditions</u> of his confinement.  Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.  (<u>See</u> Order dated March 3, 2008; [Docket No. 2].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else apply for leave to proceed <u>in forma pauperis</u>, ("IFP"), and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).  The Court's order

expressly advised Petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by April 1, 2008, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Petitioner subsequently filed two motions in this matter. In the first of those two motions, (Docket No. 3), Petitioner requested leave to amend his § 2241 habeas corpus petition. That motion apparently was prepared and sent to the Court before Petitioner received the order advising him that he could not bring this action under 28 U.S.C. § 2241, and that he would be allowed to present his claims in a new non-habeas civil complaint. In any event, Petitioner's motion to amend his § 2241 habeas corpus petition must be denied, because the Court has already determined that this action cannot be brought under § 2241. Needless to say, the motion to amend is not, itself, a civil complaint, and it does not satisfy the requirements of the Court's prior order.

In the second motion, (Docket No. 4), Petitioner requests "a full merit ruling on his 28 U.S.C.A. 2241(a) petition." This motion obviously was prepared after Petitioner received the Court's prior order, because the motion questions the propriety of that order. Petitioner apparently is requesting that the prior order be reconsidered and vacated. The Court will recommend that such request be denied. It remains clear, even in light of Petitioner's two recent motions, that he is challenging only the conditions of his confinement, and not the fact or duration of his confinement. Therefore, the remedy provided by the § 2241 habeas corpus statute is not available for the claims that Petitioner is attempting to advance in this case.[1]

---

[1] As an aside, the Court notes that even if Petitioner's current claims could be litigated in a § 2241 habeas corpus proceeding, this action still would have to be dismissed,

The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed a civil complaint, nor has he taken any action to resolve the filing fee matter. Therefore, it is now recommended, in accordance with the Court's prior order in this matter, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, No. 07-1426 (8th Cir. 2008), 2008 WL 540172 (unpublished opinion) at * 1 ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"). It is further recommended that Petitioner's two pending motions, (Docket Nos. 3 and 4), be summarily denied, for the reasons discussed above.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend, (Docket No. 3), be **DENIED**;

2. Petitioner's motion for a "full merit ruling," (Docket No. 4), be **DENIED**; and

---

because Petitioner has not shown that he has exhausted his administrative remedies. It is well-settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974); United States v. Sithithongtham, 11 Fed.Appx. 657, 658 (8th Cir. 2001) (per curiam) (unpublished opinion); United States v. Stuckey, 33 Fed.Appx. 245 (8th Cir. 2002) (per curiam) (unpublished opinion).

    3.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: April  23 , 2008

                                                    s/ *Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 12, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.